IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–03310–KMT

DIANE CONTRERAS,

    Plaintiff,

v.

CAROLYN COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

## ORDER

The matter before the court is "Plaintiff's Application for an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412." (Doc. No. 24 [Mot.], filed Apr. 13, 2015.) Defendant, the Acting Commissioner of Social Security ("Commissioner"), filed her response on May 1, 2015 (Doc. No. 25 [Resp.]), and Plaintiff filed her reply on May 15, 2015 (Doc. No. 26 [Reply].)

Plaintiff seeks Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). (*See* Mot. at 2–5.) Plaintiff argues that the Commissioner's position, both at the administrative and litigation stages, was not "substantially justified," and that, as a result, Plaintiff is entitled to recovery of her attorney fees amounting to $4,081.66. (*Id.* at 2–5, 6.) The Commissioner counters that her agency's decisions and her subsequent defense of those decisions before this court were substantially justified and that an award of attorney fees is not appropriate. (Resp. at 2.)

## LEGAL STANDARD

The EAJA awards attorney fees to a prevailing party in a Social Security Disability case when the position of the United States, in this case the Commissioner, was not "substantially justified." *See* 28 U.S.C. § 2412(d)(1)(A). The government's position is "substantially justified" when the position taken was "*reasonable* even if *wrong*." *Madron v. Astrue*, 646 F.3d 1255, 1257 (10th Cir. 2011) (emphasis in original). The test is simply "one of reasonableness" in law and fact. *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 563–65 (1988)). Though, generally, EAJA fees should be awarded when the government's underlying action was unreasonable, it is possible for the government's reasonable position during litigation to "cure" an unreasonable government action. *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007) (citations and quotations omitted). The burden to establish that the government's position was substantially justified is on the government. *Id.* at 1169 (citation and quotations omitted).

## FACTUAL AND PROCEDURAL BACKGROUND

During litigation over the ALJ's decision, the plaintiff alleged, among other things, that 1) the ALJ erred by failing to explain why the ALJ rejected the state agency physician's opinion that the claimant could lift only ten pounds occasionally and less than ten pounds frequently, and 2) that the Appeals Council failed to remand the case to the ALJ to consider new evidence submitted by the plaintiff. (Doc. No. 20 [Order] at 11–16, filed Mar. 30, 2015.) The Commissioner defended the ALJ's actions by arguing that 1) it was harmless error for the court not to explain why it rejected the state agency physician's opinion because the court could discern from the ALJ's decision why the statement was not credited, and 2) the evidence submitted to the Appeals Council did not properly relate back to the relevant time period. (Doc.

2

No. 14 [Resp. Br.] at 15, 20–22, filed June 11, 2014.)  This court found that the ALJ's failure to explain why the ALJ rejected the state agency physician's opinion and the Appeals Council's failure to remand the case were reversible errors.  (Order at 11–16.)  As to the ALJ's failure, the court explained that, although the ALJ is not required to discuss every limitation suggested by a medical expert, the ALJ must discuss any significant probative evidence he or she rejects.  (*Id.* at 15.)  The court found that the state agency physician's opinion was likely probative and should have been expressly rejected by the ALJ.  (*Id.* at 16.)  As to the Appeals Council's error, the court reasoned that the evidence did, in fact, relate back to the relevant time period and therefore required remand by the Appeals Council.  (*Id.* at 14–15.)

## ANALYSIS

Plaintiff argues that both the ALJ's and the Appeals Council's actions and the Commissioner's subsequent defense of those actions is unreasonable.  (Motion at 2–5.)  For the most part, the plaintiff relies on the court's reasoning to explain why.  (*See id.*)  The only additional argument Plaintiff offers is that the Commissioner, in its defense of the ALJ's actions, "asked the Court to assume that the ALJ considered [the state agency physician's] report even though there was no indication in the ALJ Decision that she had done so . . . ."  (*Id.* at 4.)  The Commissioner's response to Plaintiff's motion for attorney fees focuses almost exclusively on justifying the Appeals Council's failure and the Commissioner's defense of that failure during litigation, while continuing to maintain that the evidence did not relate back to the relevant time period.  (*See* Resp. at 1–6.)  In a footnote, the Commissioner reiterates her previous argument that the ALJ's failure was harmless error because the court could tell from the ALJ's decision, when read as a whole, why the ALJ rejected the physician's opinion.  (*Id.* at 1–2.)

There is no dispute that Plaintiff is the prevailing party.  (*See generally* Motion; Resp.)  The Commissioner does not dispute the reasonableness of the attorney fees requested by Plaintiff, and neither party argues that there are any special circumstances counseling against the imposition of attorney fees.  (*See generally* Motion; Resp.)  The only question for the court is whether the Commissioner's position was reasonable.  This question is really two separate inquiries: a) whether the ALJ's failure to explicitly reject the state agency physician's limitations, and the Commissioner's subsequent defense of that failure, was reasonable, and b) whether the Appeals Council's failure to remand the case, and the Commissioner's subsequent defense of that failure, was reasonable.

**Whether the Commissioner's Position Was Reasonable**

*a. The ALJ's Failure to Explicitly Reject the State Agency Physician's Limitations*

The Commissioner conceded in its litigation briefs that the ALJ did not address the state agency physician's opinion that the plaintiff could lift only 10 pounds occasionally and less than ten pounds frequently.  (*See* Resp. Br. at 15.)  The Commissioner did, however, argue the ALJ's rejection of even less restrictive limitations (that the plaintiff was capable of lifting twenty pounds) explains by implication why the ALJ also rejected the state agency physician's even more restrictive limitation (that the plaintiff was capable of lifting only 10 pounds).  (*Id.* at 16.)  The court affirmed the ALJ's rejection of the less restrictive limitations (*id.* at 7–11), so it stands to reason that the ALJ also rejected, even if implicitly, the state agency physician's even more restrictive limitations.  Hence, not only was the ALJ's failure to explicitly reject the state agency physician's limitations reasonable, so too was the defense of that failure.

### *b. The Appeals Council's Failure to Remand the Case*

Though the evidence before the Appeals Council related to the relevant time period because it corroborated the plaintiff's allegations that her depression and anxiety began sometime before that time period, the court noted that the new evidence did not explicitly include a retroactive diagnosis. (*Id.* at 13–14.) In its response brief at the litigation stage, the Commissioner also correctly pointed out that the evidence post-dated the relevant time period and that the examiner who generated the records and examined the plaintiff did not begin seeing the plaintiff until more than a year after the relevant time period. (Resp. Br. at 21.) There is, therefore, sufficient evidence for the Commissioner's position to make it reasonable, even if wrong.

### CONCLUSION

Because the court finds that the Commissioner's actions at the administrative and litigation stages were reasonable, the court concludes that the Commissioner's position was substantially justified. The plaintiff is therefore not entitled to attorney fees under EAJA.

Accordingly, it is **ORDERED**

"Plaintiff's Application for an Award of Attorney's Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412" (Doc. No. 24) is **DENIED**.

This 16th day of October, 2015.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge